**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 4:01-293-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| James Tyrone Bellamy, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On November 23, 2005, the defendant filed a motion to amend or correct judgment. On May 15, 2006, the defendant filed a motion to correct judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure. This matter is now before the Court for disposition.

On May 29, 2001, the defendant pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base, commonly known as crack cocaine in violation of 21 U.S.C. §841(a)(1) and felon in possession of a firearm in violation of 18 U.S.C. §§922(g) and 924(a). On January 16, 2002, the Court sentenced the defendant to 210 months in prison as to count 1 and 120 months in prison as to count 2 to run concurrently. The Court held that the defendant's sentence was to run concurrent with the state sentence that the defendant was serving during sentencing.

The defendant's arguments in his two motions are identical. The defendant claims that the Court intended his sentence to retroactively commence on the same date that the defendant had begun serving an earlier imposed state sentence and that the Bureau of Prisons is incorrectly imposing the defendant's sentence.

A sentence of imprisonment commences on the date the defendant is received in custody,

and a defendant is given credit for any time he has spent in official detention prior to the date of sentence as a result of the offense for which the sentence was imposed or as a result of any other charge for which the defendant was arrested after the commission of the offense for which sentence was imposed.  18 U.S.C. §3585.  The Court did not intend the defendant's sentence to commence retroactively and therefore did not clearly indicate retroactive commencement.  Absent a court's clear indication, retroactive commencement of a sentence conflicts with 18 U.S.C. 3585.  *See* United States v. Howze, 178 Fed. Appx. 328 (4th Cir. 2006).

Moreover, any challenge to the Bureau of Prisons' implementation of the sentence may be raised in a 28 U.S.C. §2241 petition after exhaustion of administrative remedies.  *See* United States v. Wilson, 503 U.S. 329, 333-35 (1992).

Therefore, the defendants' motions are denied.

**AND IT IS SO ORDERED**.

*C. Weston Houck* _____

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

October 17, 2006
Charleston, South Carolina